# EXHIBIT 1

IN THE CIRCUIT COURT FOR THE 17TH JUDICIAL CIRCUIT IN AND FOR BROWARD COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION

CASE NO. CACE-24-001620

KIMBERLY HARRIGAN,

    Plaintiff,

v.

ISLAND HOTEL COMPANY, LTD.,

    Defendant.

_____/

## NOTICE OF FILING NOTICE OF REMOVAL

TO THE CLERK OF THE ABOVE-ENTITLED COURT:

PLEASE TAKE NOTICE that Defendant, ISLAND HOTEL COMPANY, LTD., has filed a Notice of Removal with the United States District Court for the Southern District of Florida. A copy of the Notice of Removal is attached as Exhibit 1.

PLEASE TAKE FURTHER NOTICE that pursuant to 28 U.S.C. §1446, the filing of this Notice effects the removal of this action and this Court may proceed no further unless the case is remanded.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been sent via facsimile, electronic mail and/or First Class U.S. mail to: **Robert L. Parks, Esq.**, 300 Sevilla Avenue, Suite 206, Coral Gables, FL 33134, Fax: (305) 445-4431, bob@garaylawfirm.com on this 3rd day of April, 2024.

**MALTZMAN & PARTNERS, P.A.**

By:     /s/ *Rafaela P. Castells*
              Jeffrey B. Maltzman, Esq.
              Florida Bar No. 48860

jeffreym@maltzmanpartners.com
Steve Holman, Esq.
Florida Bar No. 547840
steveh@maltzmanpartners.com
Rafaela P. Castells, Esq.
Florida Bar No. 98468
rafaelac@maltzmanpartners.com
55 Miracle Mile, Suite 300
Coral Gables, FL  33134
Tel: 305-779-5665
 Fax: 305-779-5664
*Attorneys for Defendant*

# EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

KIMBERLY HARRIGAN,

    Plaintiff,

v.                                                                  Case No.:

ISLAND HOTEL COMPANY, LTD.,              State Court Case No.: CACE-24-001620

    Defendant.
_____/

## DEFENDANT'S NOTICE OF REMOVAL

Defendant ISLAND HOTEL COMPANY, LTD., files this Notice of Removal pursuant to 28 U.S.C. §§ 1332 (Diversity), 1441 and 1446 (Removal Jurisdiction), for the purpose of removing this lawsuit from the Circuit Court of the 17th Judicial Circuit in and for Broward County, Florida, to the United States District Court for the Southern District of Florida. In support, Defendant states as follows:

**I.     INTRODUCTION**

    1.     This lawsuit arises out of an incident involving Kimberly Harrigan ("Plaintiff") who claims she suffered personal injury on February 12, 2022 when she slipped and fell while exiting the pool at The Atlantis Resort located at Paradise Island in The Bahamas.

    2.     Plaintiff has filed a single-count Complaint against Defendant alleging Negligence.

    3.     The lawsuit was filed in the 17th Judicial Circuit in and for Broward County, Florida, styled *Kimberly Harrigan v. Island Hotel Company, Ltd.*, and bearing case number CACE-24-001620.

**II.    REMOVAL IS PROCEDURALLY PROPER**

    4.     Concurrently with the filing of this Notice of Removal, Defendant is filing a Notice

of Filing Notice of Removal with the Clerk of the Circuit Court of the 17th Judicial Circuit in and for Broward County, Florida, which filing will include a copy of this Notice of Removal. A copy of Defendant's Notice of Filing Notice of Removal is attached as Exhibit 1.

### A.     Removal is Timely

5.      This Notice of Removal is timely because it is filed within 30 days after Defendant waived service of the Complaint. *See* 28 U.S.C. § 1446(b); *Murphy Bros. v. Michetti Pipe Stinging, Inc.*, 526 U.S. 344, 348 (1999). Plaintiff filed her Complaint on February 6, 2024, and Defendant waived service on March 4, 2024. This Notice of Removal is filed within 30 days of service of the Complaint.

6.      Pursuant to 28 U.S.C. § 1446(a), a copy of all process, pleadings, and orders in this action served upon Defendant is attached as Composite Exhibit 2.

### B.     Venue

7.      The appropriate removal court is the Southern District of Florida, Fort Lauderdale Division, pursuant to 28 U.S.C. § 1441(a) because Plaintiff's action was originally filed in the Circuit Court of the 17th Judicial Circuit in and for Broward County.[1]

### III.   THE COURT HAS DIVERSITY JURISDICTION AND REMOVAL IS APPROPRIATE

8.      Under the federal removal statute, a defendant in a civil action brought in a state court may remove the action to federal court if it "could have been brought, originally, in a federal district court." *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 83, 126 S.Ct. 606, 163 L.Ed.2d 415 (2005); *see also* 28 U.S.C. § 1441(a).

9. A district court's original jurisdiction includes "diversity jurisdiction pursuant to 28

---

[1] Defendant acknowledges that under 28 U.S.C. 1441(a), the appropriate Federal court for removal purposes is the Southern District of Florida since Plaintiff chose to file his action in Florida state court, where one of his attorneys is located. Defendant does not concede Florida is a convenient forum for this litigation and reserves all rights regarding venue and jurisdiction.

2

U.S.C. § 1332(a)." *PTA-FLA, Inc. v. ZTE USA, Inc.*, 844 F.3d 1299, 1305 (11th Cir. 2016) (quoting *Baltin v. Alaron Trading Corp.*, 128 F.3d 1466, 1469 (11th Cir. 1997)). Diversity jurisdiction exists over a civil action in which the parties' citizenship is fully diverse and the amount in controversy exceeds $75,000, "assessed at the time of removal." *Vega v. T-Mobile USA, Inc.*, 564 F.3d 1256, 1268 n.12 (11th Cir. 2009); *see also* 28 U.S.C. § 1332(a). The diversity statute requires complete diversity between all plaintiffs and all defendants, meaning that each defendant must be a citizen of a different state from each plaintiff. *See Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373, 98 S.Ct. 2396, 57 L.Ed.2d 274 (1978).

10. A district court may also exercise supplemental jurisdiction over any remaining state-law claims that form part of the federal case or controversy, or, more specifically, "arise out of a common nucleus of operative fact with a substantial federal claim." *See Parker v. Scrap Metal Processors, Inc.*, 468 F.3d 733, 742–43 (11th Cir. 2006); *see also* 28 U.S.C. § 1367.

11. Plaintiff's State Court Complaint alleges that Plaintiff is "a United States citizen, resident of and domiciled in Michigan," and that Defendant is, "a Bahamian company with its place of incorporation and principal place of business located in The Bahamas." *See* Complaint, ¶¶ 2-3.

12. In addition, Plaintiff indicated in the Civil Cover Sheet filed by Plaintiff in the State Court action that the "amount of claim" is "over $100,000." *See* Civil Cover Sheet, § II.

13. Therefore, removal is appropriate under 28 U.S.C. §§ 1332 because complete diversity exists between the Plaintiff and the Defendant and the amount in controversy exceeds $75,000.

14. Accordingly, Defendant has satisfied the requirements for Diversity Jurisdiction removal under 28 U.S.C. § 1332 and removal to this Court is proper pursuant to 28 U.S.C. §§ 1441 and 1446.

3

## IV. CONCLUSION

15. For the reasons set forth above, removal is appropriate pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.

16. Defendant reserves the right to amend or supplement this Notice of Removal.

17. By filing this Notice of Removal, Defendant does not waive, either expressly or impliedly, its' right to assert any defenses that Defendant could have asserted in the Circuit Court of the 17th Judicial Circuit in and for Broward County, Florida.

**WHEREFORE**, Defendant Defendant respectfully submits this Notice of Removal and respectfully requests that this lawsuit proceed in this Court as an action properly removed pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. If the Court finds any imperfections or technical defects in this Notice of Removal, Defendant respectfully requests the Court grant leave to allow Defendant to amend the Notice of Removal. *See* 28 U.S.C. § 1653; *see also Rossi, Turecamo & Co. v. Best Resume Serv. Inc.*, 497 F.Supp. 437 (S.D. Fla. 1980); *Lyerla v. Amco Ins. Co.*, 461 F. Supp.2d 834 (S.D. Ill. 2006); *Molnar-Szilasi v. Sears Roebuck & Co.*, 429 F. Supp.2d 728 (D. Md. 2006).

Dated: April 3, 2024
Miami, Florida

Respectfully submitted,

MALTZMAN & PARTNERS, P.A.

By:   /s/ *Rafaela P. Castells*
Jeffrey B. Maltzman, Esq.
Florida Bar No. 48860
jeffreym@maltzmanpartners.com
Steve Holman, Esq.
Florida Bar No. 547840
steveh@maltzmanpartners.com
Rafaela P. Castells, Esq.
Florida Bar No. 98468
rafaelac@maltzmanpartners.com
55 Miracle Mile, Suite 300

4

                                      Coral Gables, FL  33134
                                      Tel: 305-779-5665
                                      Fax: 305-779-5664
                                      *Attorneys for Defendant*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing has been sent via facsimile, electronic mail and/or First Class U.S. mail to: **Robert L. Parks, Esq.**, 300 Sevilla Avenue, Suite 206, Coral Gables, FL 33134, Fax: (305) 445-4431, bob@garaylawfirm.com on this 3rd day of April, 2024.

                                      **MALTZMAN & PARTNERS, P.A.**
                                      *Attorneys for Defendant*
                                      55 Miracle Mile, Suite 300
                                      Coral Gables, FL  33134
                                      Tel: 305-779-5665
                                      Fax: 305-779-5664

                                      By: /s/ *Rafaela P. Castells*
                                      **RAFAELA P. CASTELLS**
                                      Florida Bar No. 98468

# EXHIBIT 2

IN THE CIRCUIT COURT FOR THE 17TH JUDICIAL CIRCUIT IN AND FOR BROWARD COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION

CASE NO.

KIMBERLY HARRIGAN,

    Plaintiff,

v.

ISLAND HOTEL COMPANY, LTD.

    Defendant.

_____/

## COMPLAINT

Plaintiff KIMBERLY HARRIGAN sues Defendant, ISLAND HOTEL COMPANY LIMITED and alleges as follows:

### PARTIES, JURISDICTION, VENUE AND GENERAL ALLEGATIONS AS TO ALL COUNTS

1. This is an action for damages in excess of Fifty-Thousand Dollars ($50,000.00).

2. At all times material, Plaintiff KIMBERLY HARRIGAN, was and is a United States citizen, resident of and domiciled in Michigan.

3. At all times material, Defendant ISLAND HOTEL COMPANY LIMITED ("ISLAND HOTEL"), was and is a Bahamian company with its place of incorporation and principal place of business located in The Bahamas.

4. At all times material, Defendant ISLAND HOTEL, was responsible for the control, operations, management, maintenance, upkeep, security and safety of The Atlantis Resort located at Paradise Island in The Bahamas ("the Resort").

1

5. This Court has jurisdiction over ISLAND HOTEL pursuant to Fla. Stat. § 48.193(1) and §48.193(2) because Defendant has at all relevant times through their agents, officers, distributors and/or representatives:

    a. Operated, conducted, engaged in or carried on a business or business venture in Florida or had an office or agency in Florida;

    b. Committed tortious acts and omissions in Florida; or

    c. Engaged in substantial and not isolated activities within Florida, whether such activity was wholly interstate, intrastate or otherwise.

6. ISLAND HOTEL engages in substantial and not isolated corporate activity either on its own or through affiliated companies including having reservation and marketing offices in South Florida in furtherance of its resort business. Further, ISLAND HOTEL has affiliated companies that market and sell its vacations to Floridians.

7. ISLAND HOTEL's continuous and systematic and general business contacts within the State of Florida, including marketing and selling vacation stays to Floridians for the subject resort are sufficient to satisfy a finding of specific jurisdiction under Florida Statute § 48.193(1).

8. Venue is proper in this Court pursuant to Florida Statute § 47.051 because ISLAND HOTEL has an agent, representative in Broward County, Florida.

**GENERAL FACTUAL ALLEGATIONS AS TO ALL COUNTS**

9. On or about February 12, 2022, Plaintiff, despite using all reasonable care slipped and fell while exiting the pool in the subject resort. Generally, pool areas are known to become wet. This case is not about whether there was water on the floor. The material chosen for the flooring in the entrance/exit of the subject pool should not become unreasonably slippery even when wet. The slip in this case occurred because the material used for the flooring was not suitable for an area

such as the exit or entrance of a pool.

10. Further the area where Plaintiff fell did not have a suitable handrail. Failure to include a handrail is contrary to industry standards and applicable building codes.

11. As a result of the fall, Ms. Harrigan suffered severe injuries including a concussion.

## COUNT I
## NEGLIGENCE AS TO ISLAND HOTEL

12. At all material times, ISLAND HOTEL owed Plaintiff a duty to maintain the Resort premises in a condition that was safe for all invitees through proper inspections and follow-up and to correct dangerous conditions of which it either knew or should have known by the use of reasonable care.

13. At all material times, ISLAND HOTEL owed Plaintiff the further duty to warn of dangerous conditions concerning which it had or should have had knowledge greater than that of Plaintiff.

14. Despite these duties, ISLAND HOTEL failed to take reasonable precautions for the safety of invitees such as the Plaintiff, who was lawfully on its premises and negligently breached its duties in one or more of the following ways:

    a. Failing to install proper warning signs around the area in question warning;

    b. Failing to select proper flooring materials with sufficient friction to avoid creating a slipping hazard;

    c. Failing to inspect and maintain area where Plaintiff fell the exercise of which would have revealed a hazardous condition;

    d. Allowing these defective conditions to be created and/or to remain so as to create an extremely dangerous condition for all invitees, all of which was known by ISLAND HOTEL.

3

15. ISLAND HOTEL knew or should have known that the area in question was unreasonably slippery and thus hazardous.

16. As a direct and proximate result of the above-described negligence, Ms. Harrigan slipped and fell and suffered severe personal injuries.

WHEREFORE, Plaintiff KIMBERLY HARRIGAN, demands judgment against ISLAND HOTEL for compensatory damages, interest and costs associated with bringing this action.

### DAMAGES

17. Plaintiff, KIMBERLY HARRIGAN, sustained pain and suffering, mental anguish, emotional distress, permanent injury, loss of wages, incurred medical expenses, and has sustained a loss of the capacity for the enjoyment of life in the past and will incur these losses in the future.

18. Plaintiff's injuries and related damages were caused by the negligence of Defendant ISLAND HOTEL.

WHEREFORE, Plaintiff, KIMBERLY HARRIGAN demands judgment against ISLAND HOTEL COMPANY LIMITED for compensatory damages, interest and costs associated with bringing this action.

### DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial.

Dated: February 6, 2024

[SIGNATURE ON FOLLOWING PAGE]

Respectfully submitted,

GARAY LAW
*Counsel for Plaintiff*
300 Sevilla Avenue, Suite 206
Coral Gables, FL 33134
Tel: (305) 445-4430; Fax: (305) 445-4431

By:/s/ Robert L. Parks
ROBERT L. PARKS
*Of Counsel*
Florida Bar No. 61436
bob@garaylawfirm.com
ana@garaylawfirm.com

**FORM 1.997. CIVIL COVER SHEET**

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form must be filed by the plaintiff or petitioner with the Clerk of Court for the purpose of reporting uniform data pursuant to section 25.075, Florida Statutes. (See instructions for completion.)

**I. CASE STYLE**

IN THE CIRCUIT/COUNTY COURT OF THE <u>SEVENTEENTH</u> JUDICIAL CIRCUIT, IN AND FOR <u>BROWARD</u> COUNTY, FLORIDA

<u>Kimberly Harrigan</u>
Plaintiff

Case # _____
Judge _____

vs.

<u>Island Hotel Company, Ltd.</u>
Defendant

**II. AMOUNT OF CLAIM**

Please indicate the estimated amount of the claim, rounded to the nearest dollar. The estimated amount of the claim is requested for data collection and clerical processing purposes only. The amount of the claim shall not be used for any other purpose.

- ☐ $8,000 or less
- ☐ $8,001 - $30,000
- ☐ $30,001- $50,000
- ☐ $50,001- $75,000
- ☐ $75,001 - $100,000
- ☒ over $100,000.00

**III. TYPE OF CASE** (If the case fits more than one type of case, select the most definitive category.) If the most descriptive label is a subcategory (is indented under a broader category), place an x on both the main category and subcategory lines.

- 1 -

- 2 -

**CIRCUIT CIVIL**

- ☐ Condominium
- ☐ Contracts and indebtedness
- ☐ Eminent domain
- ☐ Auto negligence
- ☒ Negligence—other
    - ☐ Business governance
    - ☐ Business torts
    - ☐ Environmental/Toxic tort
    - ☐ Third party indemnification
    - ☐ Construction defect
    - ☐ Mass tort
    - ☐ Negligent security
    - ☐ Nursing home negligence
    - ☒ Premises liability—commercial
    - ☐ Premises liability—residential
- ☐ Products liability
- ☐ Real Property/Mortgage foreclosure
    - ☐ Commercial foreclosure
    - ☐ Homestead residential foreclosure
    - ☐ Non-homestead residential foreclosure
    - ☐ Other real property actions

- ☐ Professional malpractice
    - ☐ Malpractice—business
    - ☐ Malpractice—medical
    - ☐ Malpractice—other professional
- ☐ Other
    - ☐ Antitrust/Trade regulation
    - ☐ Business transactions
    - ☐ Constitutional challenge—statute or ordinance
    - ☐ Constitutional challenge—proposed amendment
    - ☐ Corporate trusts
    - ☐ Discrimination—employment or other
    - ☐ Insurance claims
    - ☐ Intellectual property
    - ☐ Libel/Slander
    - ☐ Shareholder derivative action
    - ☐ Securities litigation
    - ☐ Trade secrets
    - ☐ Trust litigation

**COUNTY CIVIL**

- ☐ Small Claims up to $8,000
- ☐ Civil
- ☐ Real property/Mortgage foreclosure

☐ Replevins
☐ Evictions
    ☐ Residential Evictions
    ☐ Non-residential Evictions
☐ Other civil (non-monetary)

## COMPLEX BUSINESS COURT

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order.  Yes ☐ No ☒

    **IV.   REMEDIES SOUGHT** (check all that apply):
    ☒ Monetary;
    ☐ Nonmonetary declaratory or injunctive relief;
    ☐ Punitive

    **V.    NUMBER OF CAUSES OF ACTION:** [   ]
    (Specify)

    1

    **VI.   IS THIS CASE A CLASS ACTION LAWSUIT?**
    ☐ yes
    ☒ no

    **VII.  HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
    ☒ no
    ☐ yes If "yes," list all related cases by name, case number, and court.

    **VIII. IS JURY TRIAL DEMANDED IN COMPLAINT?**
    ☒ yes
    ☐ no

    **IX.   DOES THIS CASE INVOLVE ALLEGATIONS OF SEXUAL ABUSE?**
    ☐ yes
    ☒ no

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida Rule of Judicial Administration 2.425.

Signature: s/ Robert L Parks            Fla. Bar # 61436
    Attorney or party                            (Bar # if attorney)

Robert L Parks                  02/06/2024
(type or print name)                Date

| | |
|---|---|
| CACE-24-001620 | IN THE CIRCUIT COURT FOR THE 17TH JUDICIAL CIRCUIT IN AND FOR BROWARD COUNTY, FLORIDA |

GENERAL JURISDICTION DIVISION

CASE NO. CACE-24-001620

KIMBERLY HARRIGAN,

    Plaintiff,

v.

ISLAND HOTEL COMPANY, LTD.

    Defendant.

_____/

## CIVIL ACTION SUMMONS

THE STATE OF FLORIDA:

To All and Singular Sheriffs of said State:

    YOU ARE HEREBY COMMANDED to serve this Summons and a copy of the Complaint or Petition in this action on:

        **ISLAND HOTEL COMPANY, LTD.**
        By serving its registered agent:
        GTC Corporate Services Limited
        Sassoon House Shirley St. & Victoria Ave
        P.O. Box SS-5383
        Nassau, Bahamas

The Defendant is required to serve written defenses to the Complaint or Petition on the attorneys for Plaintiff: **GARAY LAW, 300 Sevilla Avenue, Suite 206, Coral Gables, FL 33134 telephone 305/445-4430, facsimile 305/445-4431,** within **twenty (20) days** after service of this Summons on the Defendant, exclusive of the day of service, and to file the original of the defenses with the Clerk of this Court either before service on Plaintiff's attorney of immediately thereafter.

If a Defendant fails to do so, a default will be entered against that Defendant for the relief demanded in the Complaint or Petition.

WITNESS my hand and the Seal of this Court.

FEB 23 2024                                    CLERK OF COURT

                                               BRENDA D. FORMAN