UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 0:24-cv- 60519- LEIBOWITZ

KIMBERLY HARRIGAN,

    Plaintiff,

v.

ISLAND HOTEL COMPANY, LTD.

    Defendant.

_____/

**AMENDED COMPLAINT**

Plaintiff KIMBERLY HARRIGAN sues Defendant, ISLAND HOTEL COMPANY LIMITED and alleges as follows:

**PARTIES, JURISDICTION, VENUE AND
GENERAL ALLEGATIONS AS TO ALL COUNTS**

1. This is an action for damages in excess of Fifty-Thousand Dollars ($50,000.00).

2. At all times material, Plaintiff KIMBERLY HARRIGAN, was and is a United States citizen, resident of and domiciled in Michigan.

3. At all times material, Defendant ISLAND HOTEL COMPANY LIMITED ("ISLAND HOTEL"), was and is a Bahamian company with its place of incorporation and principal place of business located in The Bahamas.

4. At all times material, Defendant ISLAND HOTEL, was responsible for the control, operations, management, maintenance, upkeep, security and safety of The Atlantis Resort located at Paradise Island in The Bahamas ("the Resort").

5. This Court has jurisdiction over ISLAND HOTEL pursuant to Fla. Stat. § 48.193(1) and

1

§48.193(2) because Defendant has at all relevant times through their agents, officers, distributors and/or representatives:

 a. Operated, conducted, engaged in or carried on a business or business venture in Florida or had an office or agency in Florida;

 b. Committed tortious acts and omissions in Florida; or

 c. Engaged in substantial and not isolated activities within Florida, whether such activity was wholly interstate, intrastate or otherwise.

6. ISLAND HOTEL engages in substantial and not isolated corporate activity either on its own or through affiliated companies including having reservation and marketing offices in South Florida in furtherance of its resort business. Further, ISLAND HOTEL has affiliated companies that market and sell its vacations to Floridians.

7. ISLAND HOTEL's continuous and systematic and general business contacts within the State of Florida, including marketing and selling vacation stays to Floridians for the subject resort are sufficient to satisfy a finding of specific jurisdiction under Florida Statute § 48.193(1).

8. Specifically, ISLAND HOTEL has offices in Plantation, Florida where it conducts reservation and marketing activities in furtherance of its business – operating a vacation resort. Further ISLAND HOTEL has contracts with cruise operators who are headquartered in or doing business in Florida. The subject matter of those contracts is offering cruise guests, including Floridians, resort passes to Atlantis facilities. ISLAND HOTEL markets, books, and sells vacation accommodations to Floridians. ISLAND HOTEL uses ports in Florida for shipping goods to the resort. Upon information and belief ISLAND HOTEL has a shipping agent in Florida who assists in the receipt of goods from foreign countries in furtherance of resort operations. Therefore, because Ms. Harrigan's incident is related to ISLAND HOTEL's conduct within the State of

Florida, this Court has specific jurisdiction over ISLAND HOTEL. *Del Valle v. Trivago GMBH*, 2022 WL 17101160 (11th Cir. 2022). *See also, SkyHop Techs., Inc. v. Narra*, 58 F.4th 1211, 1218 (11th Cir. 2023) (reversing District Court because factual allegations in Complaint were sufficient to allege nexus to Florida.)

9.     Venue is proper in this Court pursuant to Florida Statute § 47.051 because ISLAND HOTEL has an agent, representative in Broward County, Florida.

## GENERAL FACTUAL ALLEGATIONS AS TO ALL COUNTS

10.    On or about February 12, 2022, Plaintiff, despite using all reasonable care slipped and fell while exiting the pool in the subject resort. Generally, pool areas are known to become wet. This case is not about whether there was water on the floor. The material chosen for the flooring in the entrance/exit of the subject pool should not become unreasonably slippery even when wet. The slip in this case occurred because the material used for the flooring was not suitable for an area such as the exit or entrance of a pool.

11.    Further the area where Plaintiff fell did not have a suitable handrail. Failure to include a handrail is contrary to industry standards and applicable building codes.

12.    As a result of the fall, Ms. Harrigan suffered severe injuries including a concussion.

## COUNT I
## NEGLIGENCE AS TO ISLAND HOTEL

13.    At all material times, ISLAND HOTEL owed Plaintiff a duty to maintain the Resort premises in a condition that was safe for all invitees through proper inspections and follow-up and to correct dangerous conditions of which it either knew or should have known by the use of reasonable care.

14. At all material times, ISLAND HOTEL owed Plaintiff the further duty to warn of dangerous conditions concerning which it had or should have had knowledge greater than that of Plaintiff.

15. Despite these duties, ISLAND HOTEL failed to take reasonable precautions for the safety of invitees such as the Plaintiff, who was lawfully on its premises and negligently breached its duties in one or more of the following ways:

   a. Failing to install proper warning signs around the area in question warning;

   b. Failing to select proper flooring materials with sufficient friction to avoid creating a slipping hazard;

   c. Failing to inspect and maintain area where Plaintiff fell the exercise of which would have revealed a hazardous condition;

   d. Allowing these defective conditions to be created and/or to remain so as to create an extremely dangerous condition for all invitees, all of which was known by ISLAND HOTEL.

16. ISLAND HOTEL knew or should have known that the area in question was unreasonably slippery and thus hazardous.

17. As a direct and proximate result of the above-described negligence, Ms. Harrigan slipped and fell and suffered severe personal injuries.

   WHEREFORE, Plaintiff KIMBERLY HARRIGAN, demands judgment against ISLAND HOTEL for compensatory damages, interest and costs associated with bringing this action.

## DAMAGES

17. Plaintiff, KIMBERLY HARRIGAN, sustained pain and suffering, mental anguish, emotional distress, permanent injury, loss of wages, incurred medical expenses, and has sustained a loss of the capacity for the enjoyment of life in the past and will incur these losses in the future.

18. Plaintiff's injuries and related damages were caused by the negligence of Defendant ISLAND HOTEL.

WHEREFORE, Plaintiff, KIMBERLY HARRIGAN demands judgment against ISLAND HOTEL COMPANY LIMITED for compensatory damages, interest and costs associated with bringing this action.

## DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial.

Date: July 8, 2024

Respectfully submitted,

GARAY LAW
*Counsel for Plaintiff*
300 Sevilla Avenue, Suite 206
Coral Gables, FL 33134
Tel: (305) 445-4430; Fax: (305) 445-4431

By:/s/ Robert L. Parks
GABRIEL GARAY
Florida Bar No. 103303
gabe@garaylawfirm.com
ROBERT L. PARKS
*Of Counsel*
Florida Bar No. 61436
bob@garaylawfirm.com
ana@garaylawfirm.com
patty@garaylawfirm.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on July 8, 2024, a copy of the above document was filed with the Clerk, using cm/ecf, who will forward copies to all counsel of record on the attached Service List.

>By:/s/ Robert L. Parks
>Robert L. Parks
>Florida Bar No. 61438

## SERVICE LIST

Jeffrey B. Maltzman, Esq.
jeffreym@maltzmanpartners.com
Steve Holman, Esq.
steveh@maltzmanpartners.com
Rafaela P. Castells, Esq.
rafaelac@maltzmanpartners.com
MALTZMAN & PARTNERS, P.A.
55 Miracle Mile, Suite 300
Coral Gables, FL 33134
Phone: 305-779-5665
Fax: 305-779-5664

*Counsel for Defendant*